UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
SHEENNY LOPEZ, on behalf of herself,
individually, and on behalf of all others similarly-situated,

**COMPLAINT**

Plaintiff,

**Docket No.:**

-against-

Jury Trial Demanded

1-800-FLOWERS.COM, INC. and
1-800-FLOWERS TEAM SERVICES, INC.,

Defendants.
---------------------------------------------------------------------X

  Plaintiff, SHEENNY LOPEZ ("Plaintiff"), on behalf of herself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Complaint against 1-800-FLOWERS.COM, INC. and 1-800-FLOWERS TEAM SERVICES, INC., (together as "Defendants" or "1-800-Flowers"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

  1. This is a civil action for damages and equitable relief based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers provide on each payday wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); (iv) the NYLL's requirement that employers furnish employees

1

with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - a national flower distribution company and one of its subsidiaries - - as an analyst from April 18, 2013 through August 8, 2017. As described below, throughout the entirety of her employment, Defendants intentionally misclassified Plaintiff as exempt, and as a result, willfully failed to pay Plaintiff the wages lawfully due to her under the FLSA and the NYLL. Specifically, despite performing non-exempt duties, the Defendants required Plaintiff to work more than forty hours per workweek, but intentionally failed to compensate her at any rate of pay, let alone at the statutorily-required overtime rate of time and one-half her straight-time rate, for each hour that she worked per week in excess of forty.

3. Additionally, Defendants failed to provide Plaintiff with accurate wage statements on each payday or with an accurate wage notice at the time of hire, as the NYLL requires.

4. Defendants paid and treated all of their analysts in this same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA. Plaintiff brings her claims under the NYLL on behalf of herself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

6. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a

result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), as both Defendants reside within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

9. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

10. At all relevant times herein, 1-800-Flowers is a single enterprise consisting of at least two, and likely more, legally distinct New York corporations (including Defendant 1-800-Flowers.com, Inc. and Defendant 1-800-Flowers Team Services, Inc.). Both entities operate as a single business enterprise with related activities involving the sales of floral arrangements and food items, with a common business purpose of providing florist services to customers throughout the United States. To that end, both entities share interrelated operations, a centralized control of labor relations, common members of management, and common financial control within their businesses. Moreover, both Defendant 1-800-Flowers.com, Inc. and Defendant 1-800-Flowers Team Services, Inc. are duly organized and existing under the laws of

Delaware, and both share their principal places of business at 1 Old County Road, Suite 500, Carle Place, New York 11514.

11. At all relevant times herein, Defendants were and are "employers" within the meaning of the FLSA and the NYLL. Additionally, Defendants' annual business exceeded and exceeds $500,000, and Defendants are engaged in interstate commerce within the meaning of the FLSA, as they operate as a single business enterprise that is incorporated and headquartered in one state and that does business in several others, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on her own behalf, as well as on behalf of those in the following collective:

> Current and former employees who during the applicable FLSA limitations period, performed any work for Defendants as an analyst, and who consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

13. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

14. At all relevant times herein, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

15. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

### **RULE 23 CLASS ALLEGATIONS**

16. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on her own behalf, as well as on behalf of those who are similarly situated who, during the applicable limitations period, were subjected to violations of the NYLL and the NYCCRR.

17. Under FRCP 23(b)(3), Plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and

   e. A class action is superior to other methods of adjudication.

18. Plaintiff seeks certification of the following FRCP 23 class:

   Current and former employees, who during the applicable NYLL limitations period, performed any work for Defendants as an analyst in New York, and who: (1) did not receive compensation at the legally-required overtime wage rate of pay for each hour worked per week over forty; and/or (2) were not provided with

accurate wage statements on each payday pursuant to NYLL § 195(3); and/or (3) were not provided with an accurate wage notice at the time of hire pursuant to NYLL § 195(1).

### Numerosity

19. During the previous six years the Defendants have, in total, employed at least forty employees that are putative members of this class.

### Common Questions of Law and/or Fact

20. There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that the Defendants required and require each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether Rule 23 Plaintiffs worked in excess of forty hours per week; (4) whether the Defendants failed to pay Rule 23 Plaintiffs proper overtime compensation for all hours worked in excess of forty in a week; (5) whether the Defendants furnished and furnish Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by NYLL § 195(3); (6) whether the Defendants furnished and furnish Rule 23 Plaintiffs with an accurate wage notice at the time of hire containing the information required by NYLL § 195(1); (7) whether the Defendants kept and maintained accurate records of hours worked by the Rule 23 Plaintiffs; (8) whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs for each hour worked; (9) whether the Defendants have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (10) whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; and (11) if so, what constitutes the proper measure of damages.

<u>Typicality of Claims and/or Defenses</u>

21. As described in the "Background Facts" section below, the Defendants employed Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom she seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendants as analysts, and Defendants did not: pay them overtime pay for all hours worked in a week over forty; and/or provide them with accurate wage statements on each payday; and/or provide them with an accurate wage notice at the time of hire. Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to receive overtime wages for all hours worked each week over forty, and to be furnished with accurate wage statements on each payday and an accurate wage notice at the time of hire. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of the Defendants' failure to comply with the NYLL and supporting regulations. Plaintiff and the Rule 23 Plaintiffs all have suffered injury, including lack of compensation, due to the Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

<u>Adequacy</u>

22. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout her employment with Defendants. Defendants did not pay Plaintiff overtime for all hours worked over forty in a week, and did not furnish Plaintiff with accurate wage statements on each payday or with an accurate wage notice at the time of hire, which is substantially similar to how Defendants paid and treated the Rule 23 Plaintiffs. Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that may be raised in Defendants' Answer. Thus, Plaintiff would properly

and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

Superiority

23. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, the Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

24. Any lawsuit brought by any analyst of the Defendants would be identical to a suit brought by any other similar employee for the same violations as alleged herein. Thus, separate litigation would risk inconsistent results.

25.   25. Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

26. Additionally, Plaintiff's counsel has substantial experience in this field of law.

## BACKGROUND FACTS

27. 1-800-Flowers is a floral and gourmet foods retailer and distribution company that primarily provides services in the florist industry by selling floral arrangements and food items throughout the United States.

28. Plaintiff worked for Defendants at their Carle Place, New York location as an analyst from April 8, 2013, until she resigned on August 8, 2017.

29. As an analyst, Plaintiff's main duties consisted of analyzing and reviewing sales data and generating reports for senior management. Plaintiff was additionally responsible for

completing other tasks prescribed by her supervisor, such as compiling data related to company product sales.

30. The performance of Plaintiff's primary job duties never entailed decision-making concerning financial matters of significance, as such decisions were handled by Defendants' senior management.

31. Throughout her employment, 1-800-Flowers required Plaintiff to work, and Plaintiff did work, five days per week, starting her workday at approximately 9:00 a.m. and ending at approximately 6:00 p.m., while rarely providing her with an uninterrupted break during each workday. Thus, by approximation, 1-800-Flowers required Plaintiff to work, and Plaintiff did work, approximately forty-five hours per week.

32. Moreover, for one week preceding Christmas, Valentine's Day, and Mother's Day each year (also known as "Gold Rush Days"), 1-800-Flowers required Plaintiff to work, and Plaintiff did work, seven days per week, starting her workday on Monday through Friday at approximately 8:00 a.m. and ending between approximately 6:30 p.m. and 7:00 p.m., and starting her workday on Saturday and Sunday at approximately 8:00 a.m. and ending between approximately 11:00 a.m. and 4:00 p.m., while rarely permitting her to take a scheduled or uninterrupted break during her shift. Thus, by approximation, during weeks that 1-800-Flowers required Plaintiff to work preceding Gold Rush Days, Defendants required Plaintiff to work, and Plaintiff did work, between fifty-eight and one-half and sixty-eight hours.

33. Despite her non-exempt duties, 1-800-Flowers hired Plaintiff as a "salaried exempt employee," and due to this misclassification, paid Plaintiff an annual salary and informed Plaintiff that she was not eligible to receive overtime pay.

34. From April 8, 2013 through August 2015, 1-800-Flowers paid Plaintiff a flat annual salary of $62,000, which yields a weekly salary of $1,192.30, which was intended to cover only the first forty hours that Plaintiff worked each week, and which yields a regular hourly rate of $29.81.

35. From September 2015 through August 2016, 1-800-Flowers paid Plaintiff a flat annual salary of $68,000, which yields a weekly salary of $1,307.69, which was intended to cover only the first forty hours that Plaintiff worked each week, and which yields a regular hourly rate of $32.69.

36. From September 2016 through August 2017, 1-800-Flowers paid Plaintiff a flat annual salary of $74,000, which yields a weekly salary of $1,423.07, which was intended to cover only the first forty hours that Plaintiff worked each week, and which yields a regular hourly rate of $35.58.

37. Throughout her employment, Defendants did not pay Plaintiff at any rate of pay for any hours that she worked in a week in excess of forty.

38. By way of example only, during the week of December 18 through December 24, 2016, which preceded the Gold Rush Day of Christmas, 1-800-Flowers required Plaintiff to work, and Plaintiff did work, Monday through Friday, from 8:00 a.m. until approximately 6:30 p.m. and 7:00 p.m. and Saturday through Sunday, from 9:00 a.m. until 4:00 p.m., without any scheduled or uninterrupted break. Thus, adding up the hours for this representative workweek, Plaintiff worked sixty-eight hours over the course of seven days. For her work that week, 1-800-Flowers paid Plaintiff $1,423.07, which covered only the first forty hours that she worked. 1-800-Flowers did not pay Plaintiff at any rate, and thus not at her overtime rate of $53.37, for any hours that she worked in excess of forty that week

39. 1-800-Flowers paid Plaintiff on a bi-weekly basis.

40. On each occasion when they paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, her actual hours worked for that week, or an accurate listing of her hours worked to be paid at the overtime or straight-time rate of pay.

41. Additionally, 1-800-Flowers did not provide Plaintiff with a wage notice at the time of her hire that accurately contained, *inter alia*, Plaintiff's regular and overtime rates of pay as designated by the employer.

42. Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

43. Defendants acted in this manner to maximize their profits and minimize their labor costs and overhead.

44. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the FLSA*

45. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

46. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

47. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

48. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

49. Defendants willfully violated the FLSA.

50. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

51. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL and the NYCCRR*

52. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

53. NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

54. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCCRR.

55. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

56. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

57. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCCRR's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

58. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

60. As described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, with accurate wage statements containing the criteria required under the NYLL.

61. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

62. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

63. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

65. As described above, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, with accurate wage notices at hire containing all of the criteria required under the NYLL.

66. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $50 for each workweek after the violations initially occurred, up to a statutory cap of $2,500.

67. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $50 for each workday after the violations initially occurred, up to a statutory cap of $5,000.

### DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

  a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

  b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

  c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form in this litigation;

  d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  e. Certification of the claims brought in this case under the NYLL and NYCCRR as a class action pursuant to FRCP 23;

  f. All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

  g. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

   h.  Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, as well as reasonable attorneys' fees, and an award of a service payment to Plaintiff;

   i.  Designation of Plaintiff and her counsel as class/collective action representatives under the FRCP and the FLSA;

   j.  Pre-judgment and post-judgment interest, as provided by law; and

   k.  Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
   August 29, 2017

               Respectfully submitted,

               BORRELLI & ASSOCIATES, P.L.L.C.
               *Attorneys for Plaintiff*
               655 Third Avenue, Suite 1821
               New York, New York 10017
               Tel. (212) 679-5000
               Fax. (212) 679-5005

        By: _____
             JEFFREY R. MAGUIRE (JM 4821)
             ALEXANDER T. COLEMAN (AC 8151)
             MICHAEL J. BORRELLI (MB 8533)