UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SHEENNY LOPEZ, on behalf herself, individually,
and on of all others similarly-situated,

                                                                 Plaintiff,         Case No.: 17-CV-05110
                                                                                            (SJF)(GRB)

                 -against-

1-800-FLOWERS.COM, INC. and
1-800-FLOWERS TEAM SERVICES, INC.,

                                                               Defendants.
-------------------------------------------------------------------X

## NEGOTIATED SETTLEMENT AGREEMENT AND LIMITED RELEASE

        WHEREAS, Plaintiffs SHEENNY LOPEZ ("LOPEZ") and TARANGINI PERSAUD ("PERSAUD") (collectively referred to as the "Plaintiffs") and Defendants 1-800-FLOWERS.COM, INC. and 1-800-FLOWERS TEAM SERVICES, INC. (collectively the "Defendants") (Plaintiffs and Defendants collectively, the "Parties"), desire to resolve, settle and agree to dismissal with prejudice of all claims and all issues raised in or by the Plaintiffs' Complaint in the above action (the "Action") against Defendants, without further litigation or adjudication, and to preclude all further or additional waged-related claims which the Plaintiffs have made or could make, arising up to and as of the date of the execution of the instant Agreement relating to Plaintiffs' claims alleged in the Action against the Defendants;

        WHEREAS, the Parties understand and agree that Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings, and in any other document or statement whatsoever;

WHEREAS, the Parties understand and agree that neither the making of this Agreement nor anything contained herein, shall be construed or considered in any way to be an admission by Defendants of guilt or noncompliance with federal, state, or local statute, order, regulation or ordinance, public policy, tort (whether intentional, negligent or otherwise), contract (whether oral or written, express or implied), common law, Defendants' policies, practices or procedures or of any other wrongdoing whatsoever, whether with regard to Plaintiffs or anyone else;

WHEREAS, the Action by Plaintiffs shall be dismissed in its entirety with prejudice as against the Defendants by the Court, subject to the terms of the Parties' stipulation;

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES that:

1. **Additional Definitions.**

(a) "Releasors" shall be defined to include, but not be limited to, Plaintiffs, on behalf of Lopez and Persaud and their past, present and future representatives, attorneys, agents, heirs, successors and assigns; and

(b) "Released Parties" shall be defined to include the Defendants and all presently or formerly affiliated persons or entities including, but not limited to, any present or former parent corporations, subsidiaries, divisions, affiliated entities, employee benefit plans, purchasers of assets or stock, investors, insurers, joint ventures, shareholders, successors, assigns, counsel, administrators, heirs, creditors, debtors, executors, officers, members, partners, directors, agents, employees, fiduciaries, representatives, the employees and representatives of any such entity, and any otherwise related persons and entities.

2. **<u>Limited Release of Claims.</u>**

Releasors knowingly and voluntarily release and forever discharge Released Parties of and from any actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, judgments, obligations, claims, charges, complaints, appeals and demands whatsoever, in law or equity, which they may have against Released Parties as of the date of execution of this Agreement, whether known or unknown, asserted or unasserted, arising out of their wage and/or wage/hour claims, including, alleged violations of: the Fair Labor Standards Act, 29 U.S.C. § 207(a) et seq. ("FLSA"); the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R & Regs. ("NYCCRR") tit. 12, § 142-2.2; NYLL § 195(3); NYLL § 195(1); any other federal, state, city or local wage-hour, wage-payment, or related laws, rules, regulations and/or guidelines, constitutions or ordinances; any claim for liquidated damages, interest, costs, fees, or other expenses, including attorneys' fees against Released Parties, based upon any conduct occurring up to and including the date of Plaintiffs' execution of this Agreement.

Nothing in the foregoing paragraph shall be construed as Persaud releasing or discharging any action, cause of action, suit, claim, complaint whatsoever, whether known or unknown, which Persaud may have against Released Parties for retaliation under FLSA § 215(a)(3), and NYLL § 215(1)(a).

3. **<u>Submission to Court for Approval and Purposes of Dismissing the Action with Prejudice.</u>**

(a) The Parties intend for the Plaintiffs to waive claims they may have against the Defendants under the FLSA and New York Labor Law, as specifically limited under Paragraph 2,

3

and therefore, desire that this Agreement be approved by the United States District Court. Accordingly, the Parties agree to file a Joint Motion for Approval of the Settlement Agreement after full execution of this Agreement.

(b) Upon execution of this Agreement, the Parties agree to immediately execute the Stipulation and Order of Dismissal with Prejudice, in the form annexed hereto as Exhibit A, which will be filed with the Court along with the joint Motion for Approval of the Settlement Agreement.

(c) Court approval and dismissal of this action is a material condition of this Agreement and the Parties' obligations hereunder. Failure of the Court to approve this Agreement and enter the Parties Stipulation and Order of Dismissal with Prejudice renders this Agreement null and void and no payments shall be made pursuant to paragraph "4" below.

4. **Consideration**. In exchange for the promises made herein by Plaintiffs, including the release of claims as set forth herein, Defendants agree to pay Plaintiff Lopez the total amount of Forty-five Thousand Dollars and No Cents ($45,000.00) and Plaintiff Persaud Sixteen Thousand Dollars and No Cents ($16,000.00) (the "Settlement Payments") which shall be apportioned to Plaintiffs as set forth below. Such Settlement Amounts are in consideration for and in full satisfaction of all wage and/or wage/hour related claims as specifically limited in Paragraph 2, through the date of Plaintiffs' complete execution of the Agreement. Payment of the Settlement Amount shall be made as follows:

(a) Defendants agree to provide Plaintiff Lopez, through her counsel, with a check made payable to "Borrelli & Associates, P.L.L.C.," (Tax ID No. 26-1255067 in the amount of Fifteen Thousand Three Hundred Forty One Dollars and Seventy Cents ($15,341.70), representing

4

attorneys' fees and costs incurred in this matter, for which a Form 1099 will be issued to Plaintiff Lopez and Borrelli & Associates, P.L.L.C.;

(b) Defendants agree to provide Plaintiff Lopez, through her counsel, with a check made payable to "Sheenny Lopez," totaling the gross amount of Fourteen Thousand Eight Hundred Twenty Nine Dollars and Fifteen Cents ($14,829.15), less all required deductions and withholdings based on the updated Form W-4 for Plaintiff Lopez provides to Defendants, representing alleged unpaid wages, for which Plaintiff Lopez shall receive a Form W-2; and

(c) Defendants agree to provide Plaintiff Lopez, through her counsel, with a check made payable to "Sheenny Lopez," totaling the gross amount of Fourteen Thousand Eight Hundred Twenty Nine Dollars and Fifteen Cents ($14,829.15), without withholding, representing alleged liquidated damages and interest, for which payment Plaintiff Lopez shall receive a Form 1099. Plaintiff Lopez agrees to indemnify Releasees (as defined below) and to hold them harmless for their share of taxes, penalties and interest, withholding or otherwise, as a consequence of the monies paid to her via Form 1099 pursuant to the Agreement.

(d) Defendants agree to provide Plaintiff Persaud, through her counsel, with a check made payable to "Borrelli & Associates, P.L.L.C.," (Tax ID No. 26-1255067) in the amount of Five Thousand Six Hundred Seventy Five Dollars and Three Cents ($5,675.03), representing attorneys' fees and costs incurred in this matter, for which a Form 1099 will be issued to Plaintiff Persaud and Borrelli & Associates, P.L.L.C.;

(e) Defendants agree to provide Plaintiff Persaud, through her counsel, with a check made payable to "Tarangini Persaud," totaling the gross amount of Five Thousand One Hundred Sixty Two Dollars and Forty Nine Cents ($5,162.49), less all required deductions and withholdings

5

based on the Form W-4 for Plaintiff Persaud on file with Defendants, representing alleged unpaid wages, for which Plaintiff Persaud shall receive a Form W-2; and

(f) Defendants agree to provide Plaintiff Persaud, through her counsel, with a check made payable to "Tarangini Persaud," totaling the gross amount of Five Thousand One Hundred Sixty Two Dollars and Forty Nine Cents ($5,162.49), without withholding, representing alleged liquidated damages and interest, for which payment Plaintiff Persaud shall receive a Form 1099. Plaintiff Persaud agrees to indemnify Releasees (as defined below) and to hold them harmless for their share of taxes, penalties and interest, withholding or otherwise, as a consequence of the monies paid to her via Form 1099 pursuant to the Agreement.

(g) The Settlement Amount shall be paid within thirty (30) calendar days following the Court's approval, provided Plaintiffs provide Defendants' counsel with an updated W-4 Form from Plaintiff and a W-9 Form from Borrelli & Associates, P.L.L.C.

(h) The payments shall be sent to Plaintiff's counsel, Borrelli & Associates, P.L.L.C., who shall be responsible for distribution of such payments.

5. **Bona Fide Dispute.**  Plaintiffs represent, warrant and acknowledge that there are *bona fide* disputes between Plaintiffs and the Defendants as to whether Plaintiffs are entitled to receive unpaid wages as alleged, and that Plaintiffs have not compromised their claims by entering into this Agreement. Plaintiffs understand and acknowledge that Defendants have reached this Agreement with Plaintiffs solely for the purposes of avoiding further litigation costs and expenses associated with Plaintiffs' claims and do not, by entering into this Agreement,

6

acknowledge any liability to Plaintiffs or anyone else. Additionally, the Parties agree to seek the Court's approval of this Settlement.

6. **No Other Complaints or Charges.** Plaintiffs affirm that they have not filed or caused to be filed any other claim, grievance or arbitration against Defendants.

7. **Covenant not to Sue.** Plaintiffs agree not to file a lawsuit or commence any other legal proceeding against Defendants concerning any matter released in this Agreement pursuant to Paragraph 2. If a court of competent jurisdiction determines that Plaintiffs have breached this paragraph, Defendants will be entitled to seek recovery of its costs, including its reasonable attorneys' fees, relating to Defendants' enforcement of this Agreement and/or of such claims.

8. **Non-Disparagement.** Plaintiffs agree that they will not make, or cause to be made, any critical, derogatory, disparaging, defamatory or untruthful statements of the Defendants or their current officers or directors or members, whether by electronic, written or oral means. The language of this Paragraph 8 shall not prohibit Plaintiffs from making truthful statements about their experiences in litigating this case, or enforcing their rights and remedies under this Agreement.

9. **Execution.** The terms of this Agreement are the product of mutual negotiation and compromise between the Parties. Plaintiffs are represented by counsel of their choosing and certify that they are satisfied with the advice and services of their counsel, Borrelli & Associates, P.L.L.C. The meaning, effect and terms of this Settlement have been fully explained to Plaintiffs by their counsel. Plaintiffs hereby affirm that they fully understand that this Agreement settles, bars and waives any and all wage payment and/or wage/hour claims that they

7

could possibly have, except as provided in Paragraph 2, against Released Parties, including but not limited to claims under the Fair Labor Standards Act, the New York Labor Law or any other wage payment or wage/hour law with the exception of any claims for retaliation under FLSA § 215(a)(3), and NYLL § 215(1)(a).

10. **Non-Admission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed, at any time or for any purpose, as an admission by Released Parties of any liability or unlawful conduct of any kind.

11. **Severability and Modification.** Should any provision of this Agreement or the attachments hereto be declared illegal or unenforceable by any court, administrative agency or other entity, and should such provision not be susceptible to interpretation or modification to be enforceable (which the Parties authorize said court, administrative agency or other entity to do), such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. If the limited release contained herein were further limited or held to be null and void, the Plaintiffs shall execute additional or supplemental limited release agreements waiving any and all claims covered hereby. If Plaintiffs refuse to execute additional or supplemental limited release agreements, Plaintiffs shall return, upon demand by Defendants, all payments made hereunder.

12. **Entire Agreement.** This Agreement (which incorporates as covenants the representations and clauses in the introductory "Whereas" clause), and includes the terms of the Stipulation and Order of Dismissal attached hereto as Exhibit "A," which is expressly incorporated herein, represents the complete understanding between the Parties and shall be interpreted under

New York law, without regard to its conflict or choice of law provisions, to effect a limited release by Plaintiffs of all actual or potential claims, including but not limited to wage payment claims, whether known or unknown, as set forth herein. No other promises or agreements shall be binding or shall modify this Agreement. This Agreement can be modified only by a written document, signed by the Parties or their legally designated representative, which recites the specific intent to modify this Agreement.

13. **Taxes and Withholding.** If, for any reason, it is determined by any federal, state or local taxing authority that the portion of the payment forth in paragraph 4(c) and (d) should have been subjected to further taxation or withholding, Plaintiffs agree that they shall assume all responsibility for the payment of any employee taxes, interest and penalties assessed in connection with those portions paid to each Plaintiff individually or on her behalf, and that Plaintiffs shall protect, indemnify and hold harmless the Defendants and Released Parties from any withholding or tax payment, interest and penalties paid by the Defendants thereon with respect to the payment of any such taxes, except for Defendants' portion of FICA and FUTA, if any.

14. **Capability to Waive Claims.** Plaintiffs expressly represents that they are able to effect a knowing and voluntary waiver and limited release of claims, as contained herein, and to enter into this Agreement and Plaintiffs are not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Plaintiffs are competent to execute this Agreement and to waive all wage payment and/or wage/hour claims, they have or may have against Released Parties. Plaintiffs certify that they are not party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair each Plaintiff's right to settle their claims in this case and to waive all wage/hour claims they may have against Released Parties.

9

15. **Voluntary agreement.** Plaintiffs represent and agree that:

(a) They are not suffering any impairment that would render Plaintiffs incapable of reading, considering and understanding the terms of this Agreement, and are fully able to read, consider and understand the terms of this Agreement, all of which have been explain to each Plaintiff by their attorneys;

(b) Plaintiffs have signed this Agreement freely and voluntarily and without duress;

(c) No promises or representation of any kind or character, other than those contained in the Agreement, has been made by an of the Released Parties or anyone acting on their behalf to induce Plaintiffs to enter into this Agreement; and

(d) Plaintiffs were advised and hereby are advised to consider carefully the terms of this Agreement before executing it, that they did consult with their attorneys, prior to executing the Agreement, and have had a reasonable period of time in which to consider the terms of this Agreement before executing it.

16. **Governing Law and Interpretation.** This Agreement and Limited Release shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, any party may institute an action specifically to enforce any term or terms of this Agreement and/or seek any damages for breach. In any such action, the prevailing party shall be entitled to its reasonable attorney's fees and costs. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction, the parties authorize the court to interpret or modify the clause(s) to be enforceable. If that cannot be done, then such

immediately become null and void, leaving the remainder of this Agreement in full force and effect.

17. **Counterparts.** This Agreement may be signed in counterparts, each of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document. A fax or scan signature may serve as an original Agreement.

18. **Headings.** The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUMS AND OTHER CONSIDERATION IN PARAGRAPH "4", PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND DISCUSSION WITH THEIR ATTORNEYS, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS PLAINTIFFS HAVE OR MIGHT HAVE AGAINST RELEASED PARTIES, AS SET FORTH HEREIN.

EACH PLAINTIFF AFFIRMS THAT THE MEANING, EFFECT AND TERMS OF THIS SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME.

The Parties knowingly and voluntarily sign this Agreement and General Release as of the date(s) set forth below:

Dated: 4/9, 2018     By: _____
                          SHEENNY LOPEZ

Dated: _____, 2018  By: _____
                          TARANGINI PERSAUD

11

immediately become null and void, leaving the remainder of this Agreement in full force and effect.

17. **Counterparts.** This Agreement may be signed in counterparts, each of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document. A fax or scan signature may serve as an original Agreement.

18. **Headings.** The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUMS AND OTHER CONSIDERATION IN PARAGRAPH "4", PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND DISCUSSION WITH THEIR ATTORNEYS, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS PLAINTIFFS HAVE OR MIGHT HAVE AGAINST RELEASED PARTIES, AS SET FORTH HEREIN.

EACH PLAINTIFF AFFIRMS THAT THE MEANING, EFFECT AND TERMS OF THIS SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME.

The Parties knowingly and voluntarily sign this Agreement and General Release as of the date(s) set forth below:

Dated: _____, 2018     By: _____
                                    SHEENNY LOPEZ

Dated: April 11th, 2018         By: _____
                                    TARANGINI PERSAUD

|   |   |
|---|---|
|   | 1-800-FLOWERS.COM, INC. and <br> 1-800-FLOWERS TEAM SERVICES, INC. |
| Dated: 4/10/2018 | By: _[signature]_ <br> Title: CFO |

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
SHEENNY LOPEZ, on behalf herself, individually,
and on of all others similarly-situated,

                                   Plaintiff,      Case No.: 17-CV-05110
                                                                        (SJF)(GRB)

               -against-

1-800-FLOWERS.COM, INC. and
1-800-FLOWERS TEAM SERVICES, INC.,

                                   Defendants.
-----------------------------------------------------------------------X

### STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

IT IS HEREBY ORDERED that: that the Settlement Agreement and Limited Release in this matter having been reviewed by the Court and found to be fair and reasonable that (1) the Settlement Agreement and Limited Release, including the release of all wage and hour claims, should be and is approved; and (2) Plaintiffs' claims, which were the subject of a *bona fide* dispute, are hereby dismissed with prejudice.

| BORRELLI & ASSOCIATES, P.L.L.C. | JACKSON LEWIS P.C. |
|---|---|
| *ATTORNEYS FOR PLAINTIFFS* | *ATTORNEYS FOR DEFENDANTS* |
| 655 Third Avenue, Suite 1821 | 58 South Service Rd., Ste. 250 |
| New York, New York 10017 | Melville, New York 11747 |
| (212) 679-5000 | (631) 247-0404 |

By: _____
     JEFFREY R. MAGUIRE, ESQ.

By: _____
     JOHN J. PORTA, ESQ.
     ADAM G. GUTTELL, ESQ.

Dated:  April 12, 2018
        _____

Dated: _____

                SO ORDERED on this ___ day of _____, 2018

                              _____
                                 United States District Judge

4827-1089-5966, v. 1